Honorable the judges of the United States Court of Appeals for the 4th Circuit. All right we're ready to hear argument in our next case United States v. Lewis. Ms. Hester we'll hear from you first. Thank you and may it please the court. This court should vacate Melvin Lewis's sentence because the district court relied on an erroneous definition of bodily injury when it imposed a two-level enhancement under the robbery guideline. In the United States v. Lancaster this court explained that there are two alternative ways that the government can prove that a victim suffered bodily injury which requires a significant injury under the robbery guideline. The government can prove either that the victim's injury was more than momentary and lasted for some meaningful period or it can prove that the victim received medical attention that was more than a precautionary examination. But here the district court didn't apply either one of those standards for determining whether the pawnshop clerk suffered bodily injury. Instead the court applied a less demanding standard that he just has to have an injury that caused him to seek medical attention. The court found that he went to the hospital to get checked out. They obviously thought there was enough to do the checking out when got there and so the court is going to find that it does meet this test for a two-level enhancement. Well the court does recite, Ms. Hester, the court does recite several times including on page 24 of the appendix a significant injury and recites the definition that's painful and obvious or is of a type in which medical attention ordinarily would be sought. So in terms of the standard it would seem to me that the court did know what the standard was. You may challenge the application of the standard based on the evidence in this case but it would it appears from the record that the district court did understand the appropriate standard. Well I actually I disagree with that Judge Agee. I don't think that the court understood this court's interpretation of that standard in United States versus Lancaster where the court very carefully went through the guideline. It explained that there has to be some distinction between an injury and an injury that's significant which is what the bodily injury definition requires and then it went on to explain that as far as the medical attention is concerned that getting a precautionary examination alone would not be enough and in fact the Third Circuit expounded on that in United States versus Harris where it explained that the example relating to medical attention is designed and intended to provide an objective basis for distinguishing significant injuries from insignificant injuries. So if as in Lancaster medical attention would be sought by an ordinarily prudent person for the purpose of diagnosis but no treatment ensues that attention doesn't help to establish the significance of the injury. So I agree that the court was looking at the text of the guideline but it wasn't considering the explication of that guideline that Lancaster developed in order to distinguish between insignificant and significant injuries because in fact people do go to the doctor after an insignificant or a significant injury. The court does seem like it understands exactly what the standard is. It seems like to me your argument is more of an evidentiary argument on the application of the standard to the evidence in this case and it is the government's burden to show that a significant injury so defined has occurred. So to kind of cut to the chase here at least as from my as I understand the evidence here it's at least stipulated that there was a victim the victim was struck by firearm in the head three times and that there was some physical manifestation of the of the strike. It's a little unclear as to exactly what that was. At some point the victim said they were dizzy and at they got a bill but we don't know what the bill was for or what transpired at the medical facility. So sure counsel for the government can tell me or you can if I've left something out but if that's the evidence in the record why does that meet the government's burden of proof here? Or why it does not meet the government's burden of proof here because the government didn't present any However the red mark on the clerk's head were more than momentary and that's in sharp contrast to all the cases that the government cites. Lancaster is the most similar case because the enhancement didn't apply there. Mace spray in the victim's eyes didn't cause lingering pain and there was no evidence that the eye exam that followed was more than precautionary. Another case that's similar is the Tenth Circuit's decision in the Mejia Canales. There the injury like here was a red mark without any swelling or bleeding or bruising and a small cut in the mouth and the court held the circuit clearly erred in applying the enhancement because there wasn't any evidence of the painfulness or duration of injury. And Mejia Canales is particularly instructive because the court specifically talks about a red mark there saying that redness can result from the most minor of injuries and can go away quickly. The same is true of dizziness which can be a response to emotional stress rather than physical impact as well. And the government also didn't present evidence to support the medical attention definition as explained in Lancaster which requires evidence that the hospital visit was more than precautionary. Ms. Hester, may I ask you a question that's in line with what Judge Agee just asked because it's something that I wanted to be clear on from the record. It is the case that in the witness testimony, the government's witness, law enforcement, says that the victim was struck with the firearm. The pre-sentence investigation simply says that he had injuries to his head when Lewis pointed a firearm at him etc. etc. demanded money from him and struck him in the back of the head three times. Is there any dispute in this case that it was indeed the firearm that struck the victim? So there's no dispute that it was a firearm but there is a great deal of dispute about how the firearm was used because the defense counsel said it was he poked him in the back of the head three times in front of the safe. And it was a firearm? It simply wasn't hitting him with an object. There's no evidence about how hard it was or anything to that effect. But back to the medical attention definition, without evidence about what treatment the person received, the district court can't guess, which is what it did here, about a diagnosis. And in fact the district court acknowledged there wasn't proof that the medical treatment was more than preventive. When he said he went to the hospital to get checked out, they obviously thought there was enough to be getting checked out. I mean that is pretty much the definition of what preventive, what precautionary treatment would be. And again Lancaster is similar because there there was an exam following the May spring in the eyes and there was no evidence that it was more than precautionary. Harris is similar as well. So in Lancaster and treatment the victim received and the same is true here. I would like to jump back to what AJ said about, I understand that you disagree with me about the district court applying the correct legal standard. But I maintain that that is incorrect because he did not understand that precautionary treatment only is not sufficient. And he also focused on the nature of Lewis's conduct as a substitute for evidence about the severity of the victim's injury. And that too is a legal error because four circuits have disapproved this type of analysis. This court should too because the guideline language focuses specifically on the victim's injury and not on the nature of the defendant's conduct. But in addition to its error in applying the bodily injury... We have Lancaster, which I think is what you're relying on primarily in terms of the direction you're going. When the trial judge looked at this and he did make that statement that this the victim just has to have a real injury that caused him to seek medical attention and he did it. What is it about Lancaster that indicates that's not correct? Well it's Lancaster, that is not correct because Lancaster says that medical attention that's precautionary only is not enough to separate a substantial injury from one that is not and there's no evidence here that of what treatment he received and there's no evidence that it wasn't nearly as precautionary and in fact the judge suggested that it was precautionary when he said he went to get checked out and they did the checking out when he got there. Well Lancaster seems to cast a significant... no connection and definition in terms of what a significant injury is because it seems to me as though it imposes some standard of saying that you know it must be more than just a momentary type issue. Here there was evidence there was a red mark on his head after he was hit and I think you argue that well may have been one but you don't know how long it's been there or you don't know if it was there when he got to the hospital because you don't have that evidence or that he went from anything more than as you say a precautionary measure and I'm wondering where do we go with these kind of cases they have to be some injuries that would occur that in and themselves would be significant without having to go through that but I guess that would come into the the momentary aspect of it? Yes your honor the more than momentary aspect of it and it seems based on the cases that's where people you how government usually proves this just by putting on some evidence that the injury lasted for some period of time and Isaacs for example they put up witnesses who had seen the victim and and they testified that you know hours later his ears were ringing or his his face was puffy it's not that difficult what what the government is required to do but they simply didn't do it here. You opened it with a disjunctive and I just want to be clear is it is it not the case that a significant injury must always be one that lasts for some meaningful period or are there those that can be significant without lasting for a meaningful period? Actually I said either but I think that you're right I think it does have to be both because I don't see how you could get medical treatment that's more than precautionary. I was wondering where you got it from. It didn't come from it didn't come from Lancaster so I was wondering where you pulled it from. That's my mistake but thank you for pointing that out. In my last couple of minutes here I'd like to move to the error and imposing to failing to address Lewis's multiple non-frivolous arguments for a lower sentence. The court erred under United States versus Torres Reyes when it failed to address or even acknowledge Lewis's equitable argument that the court should vary downward because the enhancement was at the edge of the bodily injury enhancement. This case is pretty much parallel to Torres Reyes and that error alone requires reversal but even in addition to that particular error the district court failed to address five more non-frivolous mitigating arguments about Lewis's history and characteristics and that is an error under United States versus blue. The court's analysis of Lewis's arguments began and ended with its consideration of the co-defendant sentence. The government didn't identify. So was there any type of sentencing memorandum filed in this case that alerted the district court that here are five reasons that this sentence should be as we have requested or does the district court just have to pick it up from the stream of consciousness delivery of counsel at the hearing? There is no written sentencing memorandum in this case from either side and and yes I mean the court is required that's what the cases say the court is required to address the defendants non-frivolous mitigating arguments there's no requirement that they be presented before the sentencing hearing that might be a better practice but it's not a requirement to to invoke the judge's duty to address them. The government can't identify any point in the record where the court considered either the minor nature of the bodily injury or the five additional arguments five All right you've got some time left on rebuttal Miss Hester. Mr. Enright we'll hear from you. Thank you your honor may it please the court Anthony Enright for the United States. The district court properly applied the bodily injury enhancement because the evidence before it amply supported finding that it was a a significant injury which is a standard set out by the guidelines. The victim suffered what officers described as a red mark or a wound and dizziness that caused him to go to the hospital not as a precaution but for treatment. It was actually Miss Hester's own case in the line that she quoted Harris that distinguishes the hospital for treatment is the kind that indicates that it's a more significant injury versus a visit to the hospital for a precaution or for diagnosis only. But you agree that a case of United States versus Lancaster is really the all-star case that we look to determine whether there's a significant injury do you not? I think there's two this court might want to look at one is Lancaster which held upheld a district courts determination that an injury was not a significant injury and also another published opinion that came out before that called Isaacs where the court upheld the determination that an injury from a person who did not go get medical treatment at all but who had a puffy face and a red mark and ringing ears did suffer a significant injury. I do want to correct one thing Isaacs did not say that the ears ringing, the ears continued to ring for hours. What it held was that the witnesses who described the it didn't hold that it was at the tail end or the beginning of those four hours it was enough to know. But it did sort of indicate that that was something that did last for a meaningful period which is what Lancaster does require that it lasts for at least a meaningful period. Yes your honor and Lancaster distinguished. So what is the evidence here that shows that this injury lasted for a meaningful period? Well the injuries were there when they were sustained and they remained in place afterward until the police arrived to examine them because the police observed them and to the point where he went to the hospital for treatment and it doesn't require more than that because we have a series of... Other than your conclusory statement that that's the case what is the evidence of that? I understand the injury being so what is the injury first of all I mean he was hit with a gun of some manner that may have left a mark we know when the mark was observed but we don't have any medical records anything to show what it looked like when they examined or what happened there so I mean it's one thing to say it continued to to be there but we're not doctors and we don't have any records of that all we have is he went to the hospital. No your evidence is in the form of the undisputed I'm talking about in this case do we have any records here? Yes your honor we have police reports describing the observation. Medical records do we have the medical records indicating what his injury was? No we do not have the medical records your honor and you have a medical bill you think that medical bill is significant? Does that does that tell you anything? I think it does your honor. How is it significant is $3,000 if you go to a hospital I think most of us can recognize you stay in a period of time you're going to get $3,000 just for laying up there waiting for him. That's true your honor but I want to note that the hospitalization is not at all a requirement of a significant injury it's a requirement or it's a it's a factor relevant to the more serious serious injury that's what the definition is serious bodily injury. I'm not arguing with you Mr. Enright I think we are agreeing in terms of that this is not a disjunctive situation it is a conjunctive situation of the momentary this of the it can't be a momentary thing and it's also not just something you're doing as a precaution and that's that's the whole point of talking about the hospital that you know you take it that you typically take significant injuries to a hospital to a medical provider but to take it there as a precaution is not does not make it a significant injury you've got to show something more and that's all I'm asking is what is that evidence of how this long this injury lasted and what were these bills what was it for and you know what was done there your honor I I do not mean to suggest that we have any evidence of what occurred at the hospital other than the defendant's stipulation that he went to the hospital for treatment I do not have so you have and I just want to be clear on that just so so I don't want to misunderstand you you've got a person who's been struck and he has dizziness there and he has a headlock when the police get there but we have nothing else well we have his report that he was dizzy that the police took and we have the police's observation once the police left once months that's over he's taken out we have nothing else well we know he went to the hospital he walked out of there and says hey I'm fine this was just a little bump on the head it was no big deal or I don't have we don't have any evidence about what happened at the his admission that a stipulation that he went there for treatment so I mean you want to get a two-level enhancement which is pretty significant here and the case law is pretty pretty pretty much on point you got to have something more Lancaster went there I mean how difficult would it be I mean if you want to get a two-level enhancement to simply you know get something to show that you know this is more than just a momentary injury or or punch I mean whether it's with a gun or hit with a gun or hand significant because of the force it's hit with but if it's a poke I don't know I don't know I mean it's but but the fact of the matter he's taken there but we got nothing else your honor we you you're a hundred percent right we ought to have introduced more evidence it's not difficult it's not difficult to get a medical report or I mean I would think I mean that's gotten all the time just by asking for it and you just say here it is shows what this injury the significance of it and you know he's getting headaches and he's got something going on we have nothing all we know is someone got hit on the head and you know left a little mark on it you know when the police looked at it and that's it and two-level enhancement for significant injury that's pretty you 100% on the point that we could have introduced more evidence easily I don't agree with you that there's nothing in the record I believe the evidence is sufficient to when I say nothing I mean nothing once the police have been there and from then on nothing that I could find that talks about this injury that's correct beyond the police that's true however what we do have in the record about the injury lines it up with Isaacs Martinez Hemingway these are decisions by this court bruises contusions for which a defendant sought medical treatment no evidence of the time lingering red mark and chest pains the only thing we know about that the defendant was taken to hospital shortly after suffering chest pains nothing about what happened at the hospital that was sufficient in Hemingway Isaac you don't even have the surveillance video that you had there and you didn't call in the witnesses to talk about the injury you didn't put it in a medical record and so what would you think we should just read in to something that you should have done that would not I mean it's not difficult we're not asking for a lot but you want to give a two-level enhancement and case law recognizes that's serious stuff we don't do that just for small injuries I mean that's that's meant for a significant injury which means you want to get some more time on top of what you already we know you're kind of horrible but we're gonna we're gonna kick it up from this and yet the government doesn't do any of this I mean you could have shown that we probably could have looked at that survey that surveillance video and seen you know man that's pretty significant what might could have done that well we could have heard some witnesses talk about oh he was staggering he couldn't walk it you know something or medical record or a doctor or someone but we have none of that now I know you didn't do this case because I already know the kind of lawyer you are and no you did not try this case so but but but something ought to be done so certainly your honor and judge judge Cogburn expressed very similar sentiment to the attorney who did handle the sentencing in this case and said you know you should have introduced more evidence that would have been very helpful I'm not asking the court to infer anything that we didn't prove I'm simply suggesting that the evidence that was in the record that was before the court based on stipulations and based on what was not disputed before the court supported the district courts determination the district courts finding that it was any significant injury I do want to move on to the district courts explanation let me ask you a question if you would I'm interested certainly you're on both the inquiries the judges have made on this issue is it undisputed that the victim suffered from dizziness immediately following this event yes in fact your honor it was the defense attorney who proffered that information based on a based on a police report so that is undisputed no judges you'll land a question all of us hit our head at times we bang our elbow you know I might even cut our elbow or arm we don't think much of it but when we suffer multiple hits from what I think we could all agree would be a heavy object of a metallic nature and then we have a mark on the outside and we have a man is manifestation of what might have occurred internally is that something that you think is important I do your honor and I agree with my friend across the aisle that the focus is on the injury not the defendants conduct but the district court can draw some inferences from that conduct the defense the court heard testimony that he was struck three hard times in the head and that those blows sent him to the ground and that he then suffered dizziness as a result that is a different kind of injury than suffering dizziness because you get up too quickly for example the court can draw that reasonable inference from the conduct without misapplying the standard I think and I think it wasn't a reasonable inference what he did he said I guess he had a mild concussion your honor I don't believe the court was relying on a finding that there was a concussion I think he was actually lecturing the assistant US attorney handling the case that look the records probably I'm speaking to this evidentiary indication of the type of injury I mean if you talk about a red mark of the Disney and ultimately he doesn't make an inference he says I guess he had a mild concussion and that's should have pointed the government in the direction is judge we need a little bit more than a guess of it so here's something else to give you a more solid ground to be able to make some conclusion here or to ought to reach this this conclusion perhaps the government should have said this but I think the red mark also called a wound by one of the the officers and the dizziness is enough to identify them in but we have no idea the red mark we don't know where it came from how it got there it could have already been there and I'm not saying it was but a medical record could have told you that and it would have it would have substantiate that it was caused I mean we certainly out of common sense you figure you hit someone ahead we got a red mark it came from what you hit him on the head we don't have that that is something I'm doing what judge Cogman said guessing and that's what I don't want to do is to guess it so this is why I invoked that I directed the court to Isaac's because in the same scenario what you had was witnesses observing the individual within hours after he was struck they also didn't have any more information than that inference to draw that the puffy face the red mark on that victim and the ears ringing were a function of the blow he struck he suffered to the head but that was so we don't have any of that in this case we don't have any hours later testimony about years ringing and none of that stuff we got almost no ears ringing but we have dizziness and the extent the district we don't have it except when when there's right there on the scene and nothing beyond that that's all we know after the blows occurred and the defendants left and the police arrived the officers observed the dizziness and included it in their report so we know that there was dizziness for a meaningful period of time I mean there's nothing that tells you whether this lasted for 10 minutes or two hours that's true but there wasn't anything in Isaac's either we know that it was more than a meaningful period it wasn't minutes it wasn't two or three minutes like it was in Lancaster because it was enough time for the defendants to depart the police to come and police to observe the symptoms themselves that's the same evidence kind of evidence we had in Isaac's Isaac's didn't have a time limit on it those of those those witnesses could have observed it seconds after it occurred and not after we don't know and it doesn't matter because it's a sufficient the district court was within its authority to draw that inference it's not that it is a high higher bar than any injury but it's not an extraordinarily high bar because there are other higher enhancements reserved for a serious injury which is the kind of injury that requires hospitalization or medical intervention no medical intervention is required for the less significant significant if I may your honor I would like to turn to the explain I'm happy to answer any more questions about this but I do think the clear that it meaningfully considered everything Lewis had to say in support of a five-month downward variance the defendant said well we find if we find that the enhancement was improper and remand on that basis the district court will do a new sentencing hearing on it I mean a new sentencing explanation yes your honor that would effectively eliminate the current explanation as an issue I think I think the court would have to explain the new sentence that was proposed on remand if this court did that I certainly do ask that the court affirm the courts of the district courts finding about the bodily injury requirement and I'm happy to discuss that further if this court does affirm that though I do want to address the court's explanation because I do think it was sufficient that we know from this court's decision in our ball that the court takes the defendants arguments as the defendant presents them and what the five-month downward variance sentence would be appropriate under the 3553A factors that was that was the defendants central thesis that was her that was the main argument and the district court took that head-on said no the 3553A factors including the need to respect for the law provide just punishment for a very violent offense need to protect the public and they need to deter others and those require a sentence at the bottom end of the guideline range and adequately explained why its choice of sentence was sufficient but not greater than necessary to achieve those purposes the court was not required to then separately address the individual data points and they really are data points they're undisputed facts that appear in the pre-sentence report his family his work history he committed he was involved in violent or armed robberies at age 16 and also at age 22 before he got involved in this one at 27 those are all undisputed facts and not on their own mitigating but the court even those individual data points the court gave careful consideration to it and we know that because the court for example imposed substance abuse treatment in imposed or it requested that the Bureau of Prisons offer substance abuse treatment and mental health counseling in light of his diagnosis of depression and the court actually specifically addressed the argument he made about how that was what led him or the statement he made about that was what led him to commit his armed robberies that he committed as a teenager he said to the defendant specifically you know take advantage of these drug treatment programs because if you get back involved with this you're just gonna end up back in jail the court gave him specific attention orally and in writing by adopting the facts that are pretty much undisputed in the pre-sentence report the court gave a reason for the sentence and at bottom gave this court enough to determine and make an assessment about whether that determination is reasonable and if the defendant had argued that it was unreasonable the court could complete its obligation to provide effective appellate review the defendant of course didn't argue that it's substantively unreasonable so it doesn't need to proceed to that step but the record certainly enables that and that's all that it requires court has any other questions I'm happy to answer them if not I'll yield the balance of my time back to the court all right thank you mr. in right miss Hester you've got some time and rebuttal if there's anything else you want to tell us I miss miss Hester I hate to bother you at the outset but I don't want to interrupt the flow of the balance of your remarks so we have three strikes to the head with a metal object the individual goes down there's some sort of a mark there's dizziness he goes to the hospital I'm going to ask you if you're not going to as a momentary injury an injury that is not significant under the guidelines so a momentary injury yes I think one of the points that I want to make is that the court should not be focusing on the conduct of the defendant but rather on the result of it because it isn't that part of it can we separate the two is a truly a binary analysis or does one inform the other I think under some circumstances I think that the Harris I believe it's Harris is the most instructive on this but so there are certain things like stabbing with a knife or shooting with a gun that of course the conduct it's obvious that the things not so much as I said there are four circuits that have said you shouldn't you shouldn't consider the defendants conduct because the focus is on the result of the injury and the result of that conduct can be different depending on who the perpetrator is and who the victim is I mean if Dwayne the Rock Johnson hits a small person in the back of the head three times with with a gun the injury is going to be different than if what then if the small person hits Dwayne the Rock Johnson in the back of the head there were just a lot of different variables at stake there that should persuade the court not to focus on the on the defendants conduct but instead redirect its attention to what was the result of that conduct and in this case the government just didn't present evidence about what the result of that conduct was other than a red mark which as Mejia Canales the Tenth Circuit explains you know that is that can result from the most minor of injuries it can go away quickly and the same is true of dizziness and I think back to the point that Judge Wynn was making with Mr. Enright there's just no evidence here there's we know that at one point in time the victim had a red mark on his head and was dizzy but we have no idea based on the evidence that the government presented how long those and that's simply not enough to establish bodily injury another point is that the judge didn't even rely on the the sole thing that the judge relied on and in deciding that this was bodily injury was the fact that the victim was transported to the hospital but he also recognized that he went there to get checked out which is precautionary and that is not enough the government makes a point about the factual basis which is on page 12 of the joint appendix this is a document that the government drafted it's not really just a checking out we've got a manifestation at least one of dizziness you know it's outside the record but there have been occasions where people fall under less dramatic circumstances and have a slow brain bleed they don't show anything until days later so it's a little more than a precaution don't you think I mean I it's precautionary doesn't mean that it's not it's impossible for an injury to be discovered at the check during the checking out but there's just no evidence here that an injury was discovered I think like the common definition of an injury in the law is harm and harm even under the way you described it earlier occurred here I suppose I just see it as a little bit more than a precaution in this situation what I don't dispute that harm occurred that there was an injury but we dispute is that the injury was significant and as the court explained in Lancaster inherent in Harris the Third Circuit case describing Lancaster's decision a medical attention being stopped by an ordinarily prudent person for the purpose of diagnosis but if there's no treatment then that doesn't help to establish the significance of the injury so what's missing here is some evidence either from the defendant or for medical records about what happened once the defendant was taken to the hospital and we just don't have that here and that's why the court should hold first that the district court didn't apply the correct standard for determining bodily injury and second of all even if it had that evidence here is insufficient to establish that enhancement I want to you know what's interesting the dissonance aspect of it it seems that if you look at the record the only place I find it is that Lewis's counsel seemed to indicate that he was dizzy they said it was a police report but that's not in a record there's nothing else from the person who was hit or anybody else other than the council said well he was a bit dizzy that's it that's interesting I mean I understand the government you know can get a lot of inferences but I'm trying to figure that one out that's all you have to get a two-level enhancement is counsel said well he was dizzy and I don't know what that means is there anything else in the record I mean am I missing something here I see I'm out of time but if you allow me to respond please but I think we've we've all right so yes the the evidence the information about the dizziness and the red mark came from defense counsel not from the government and again you know the government says the evidence that it was treatment comes from the factual basis which the government drafted and that should be construed against the government as far as any ambiguity I'm sure that at the time that the defense and the defense signed that they had no idea that that was directed going to be directed toward this particular enhancement I think thank both counsel for their argument today and I'll ask mr. Coleman if he will adjourn court for the day and Jackie if you'll put us in the ether where we're supposed to go
judges: G. Steven Agee, James Andrew Wynn, Frank W. Volk